IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2002 Session

## ROBERT L. POWELL, JR. v. BLALOCK PLUMBING AND ELECTRIC AND HVAC, INC., ET AL.

**Appeal by Permission from the**
**Supreme Court Special Workers' Compensation Appeals Panel**
**Chancery Court for Franklin County**
**No. 16,186     Jeffrey F. Stewart, Chancellor**

---

**No. M2001-00204-WC-WCM-CV - Filed July 12, 2002**

---

ADOLPHO A. BIRCH, JR., J., concurring in results only.

I agree with the result reached in this case by the majority. I write separately, however, to express my disagreement with the reasoning the majority employs. My problem is with the reliance on Wilkins v. The Kellogg Co., 48 S.W.3d 148 (Tenn. 2001), as the analytical basis for holding that "wage" should be defined to mean "hourly rate of pay." I would hold, as I expressed in Wilkins, that "wage" should involve a weekly, rather than hourly, basis for calculating pay. Id. at 156 (Birch, J., dissenting). Defining "wage" to mean "hourly rate of pay" is problematic "because hourly rate of pay, unlike average weekly wage, is not a reliable indicator of the economic impact of a workplace injury."

The employee in this case returned to work at the same hourly rate of pay, but his injury caused him to work fewer hours and earn less money on a weekly basis. Clearly, his injury has had an economic impact regardless of his hourly rate of pay, and it is only logical to allow greater compensation to offset that impact. As a result, it would be unnecessary to employ the "reasonableness" analysis used by the majority–an analysis which, notably, appears nowhere in the elements of the statute. Compare Wilkins, 48 S.W.3d at 154 (criticizing the dissent as being at odds with "the statute's express terms").

Consequently, I concur in the result reached by the majority, but not in the analysis. Additionally, I would encourage the General Assembly to consider the adoption of a terminology that could be applied by this Court in a manner more congruent with the intended purposes of the Workers' Compensation Act.

---

ADOLPHO A. BIRCH, JR., JUSTICE